IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-67,701-02 AND WR-67,701-03






EX PARTE AARON JAMES HALL, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 915388-A AND 920802-A IN THE 228TH DISTRICT COURT


FROM HARRIS COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of murder and conspiracy to possess
with intent to deliver 400 grams or more of cocaine and sentenced to 65 years' imprisonment and 30 years'
imprisonment, respectively. The First Court of Appeals affirmed his convictions. Hall v. State, 137
S.W.3d 847 (Tex. App. - Houston 2004, pet ref'd). 

 Applicant contends that his trial counsel rendered ineffective assistance because: (1) counsel failed
to know the law the concerning use of a prior juvenile conviction for enhancement; and (2) counsel failed
to object to jury instructions that misinformed the jury of Applicant's burden to prove self-defense. 
Concerning the first contention, Applicant explains that counsel caused pleas of true to be entered to the
enhancement allegations even though the prior conviction was not available to enhance the primary offenses.
 Applicant alleges that counsel's deficient performance resulted in prejudice by increasing the sentences
imposed for the primary offenses. Concerning the second contention, Applicant explains that counsel failed
to object to jury instructions that gave the jury the impression that Applicant had to prove self-defense
beyond a reasonable doubt.

 Counsel has submitted an affidavit in which he affirms that the prior juvenile conviction was
unavailable for enhancement and that he did not realize the conviction was unavailable when he caused
pleas of true to be entered at the punishment phase. Counsel's affidavit does not address the second
contention.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984). In these circumstances, additional facts are needed. As we held in Ex parte Rodriguez,
334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. 
The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the
appropriate case, the trial court may rely on its personal recollection and court records. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether the performance of Applicant's trial attorney
was deficient because the prior juvenile conviction was unavailable to enhance the primary offenses and,
if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings
of fact as to whether counsel failed to object to jury instructions that misstated Applicant's burden of proof
concerning the self-defense defense, and if so, whether the failure to object constituted ineffective assistance
of counsel. The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, copies of the orders
granting the continuance shall be sent to this Court. Supplemental transcripts containing copies of the jury
instructions and all affidavits and interrogatories or the transcription of the court reporter's notes from any
hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained
from this Court. 




Filed: October 10, 2007

Do not publish